UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANTHONY CAMPBELL, WENDY ANDERSON,
CALANDRA BANK, et al                                                    PLAINTIFFS

vs.                                                          NO. 3:18cv11-MPM-JMV

EXPRESS COURIER INTERNATIONAL, INC.,
and EMP LSO HOLDING CORPORATION                              DEFENDANTS

<u>ORDER</u>

This cause comes before the court on the motion of defendants Express Courier

International, Inc. d/b/a LSO Final Mile ("LSO") and EMP LSO Holding Corp. ("EMP LSO

Holding"), pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss this action for failure to state a claim

upon which relief may be granted.  This is a Fair Labor Standards Act ("FLSA") case in which

plaintiffs allege that defendants failed to pay them overtime to which they were legally entitled

based on their work as couriers and truck drivers.  Plaintiffs are former opt-ins to an FLSA

collective action which was originally filed in the Western District of Arkansas.  *See Harris, et*

*al. v. Express Courier Int'l, Inc*., Case No. 5:16-cv-05033-TLB.  On November 21, 2017, after

that case had been pending for over a year, U.S. District Judge Timothy Brooks decertified the

collective action and dismissed the claims asserted by the plaintiffs herein.  *See Harris v.*

*Express Courier Int'l, Inc.,* 2017 WL 5606751, at *6 (W.D. Ark. Nov. 21, 2017).

After having their collective action dismissed, Plaintiffs filed the present suit asserting

minimum wage and overtime claims under the FLSA.  In support of their motion to dismiss,

defendants have submitted extensive persuasive authority from other jurisdictions, including

decisions which dismissed FLSA complaints which, they contend, bear significant similarities to

the Amended Complaint in this case.  *See e.g., Crosby v. Cox Commc'ns, Inc.,* 2016 WL

1

6403348, *4 (E.D. La. Oct. 28, 2016); *Coleman v. John Moore Servs., Inc.,* 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014).

For their part, plaintiffs argue that much of defendants' authority is distinguishable, but they alternatively argue that they should be permitted to file an amended complaint which addresses some of the shortcomings raised in the motion to dismiss.  In considering plaintiffs' request, this court is cognizant of the fact that the Fifth Circuit has cautioned against dismissing claims without granting leave to amend, barring rather exceptional circumstances.  *See, e.g. Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000)("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

In opposing the request to amend, defendants emphasize that plaintiffs failed to proffer a proposed amended complaint which addresses the shortcomings raised in the motion to dismiss. [Reply brief at 15].   Defendants therefore argue that it would be futile to permit an amended complaint, and they urge that this court simply dismiss the case now.  *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)(Though leave to amend should generally be freely granted, it should be denied when the amendment would be futile). For its part, however, this court views plaintiffs' request to amend as an assurance that they can produce an amended complaint which addresses the shortcomings raised in the motion to dismiss.  That being the case, this court will give plaintiffs a *final* opportunity to submit an amended complaint which, in their judgment, clearly and sufficiently set forth their claims.

This court directs that, in preparing their amended complaint, plaintiffs pay close attention to the pleading defects which have led other district courts to dismiss FLSA complaints

which contain significant similarities to the one in this case. *See, e.g. Bascomb v. Express Courier Int'l, Inc.,* No. 2:18-CV-00064-KOB (N.D. Ala. Oct. 5, 2018), *Marshall v. Express Courier Int'l, Inc.,* No. 4:18-CV-48-MW-CAS (N.D. Fla. Oct. 16, 2018).  With this caveat, defendants' motion to dismiss will be dismissed without prejudice to re-filing after plaintiffs have submitted their amended complaint.

It is therefore ordered that defendants' motion to dismiss is dismissed without prejudice. Plaintiffs shall file an amended complaint within ten (10) days of this order.

This, the 20th day of February, 2019.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**